LEBBEUS W. SMITH *vs.* WILLIAM PALMER.

A new count, for the assertion of a right, or the enforcement of a claim, growing out of the same transaction, act, agreement, or contract, upon which the original declaration is founded, is not for a new cause of action, and may be inserted as an amendment, however different the form of liability may be.

In an action of assumpsit, in which the plaintiff declared on the common counts, and on an account annexed for goods and money furnished to the defendant, and for an order drawn by the plaintiff in favor of the defendant on and paid by G., it was held, that the plaintiff might amend his declaration by filing a new count, setting forth that the defendant, in consideration that the plaintiff would draw an order for goods in his favor on G., promised to discontinue a suit then pending against the plaintiff, and that the plaintiff accordingly drew the order, which was paid by G., yet the defendant had not discontinued the suit, but had prosecuted the same to judgment and execution, which the plaintiff had been compelled to pay.

Oral statements and admissions are admissible in evidence against the party making them, though they involve what must necessarily be contained in some writing, deed, or record.

In an action for the breach of a special agreement, to discontinue a suit pending

in the defendant's favor against the plaintiff, in consequence of which judgment was rendered in the same against the plaintiff and execution issued thereon, which the plaintiff had been compelled to satisfy, the plaintiff may prove his case by the verbal declarations, confessions, and admissions of the defendant, in connection with a copy of the execution, and of an assignment of the same thereon executed by the defendant, without producing an authenticated copy of the judgment, or accounting for the non-production thereof.

An action to recover damages for the breach of a special contract, to discontinue an action by the defendant against the plaintiff, in consequence of which the defendant had judgment in his favor, and the plaintiff was compelled to satisfy an execution issued thereon, is not liable to the objection, that it seeks to impeach the judgment collaterally.

THIS was an action of assumpsit, in which the plaintiff declared originally on the common counts, and on an account annexed for an order drawn by the plaintiff in favor of the defendant on one George C. Goodwin, for matches, and paid by him, and for money furnished by the plaintiff to the defendant. The plaintiff intimated by a note in the writ, that he should afterwards file a special count. After the entry of the action, the plaintiff moved the court for leave to file a new count, alleging that on the 15th of November, 1847, an action was pending against the plaintiff, in the district court for the middle district in the state of Maine, in which action, the defendant and four others named, constituting the firm of Freeman, Trott, and company, were plaintiffs, for the recovery of $266.60 and the costs of suit; that the present defendant, in consideration that the plaintiff would pay him $347.50, by an order on George C. Goodwin for matches, promised the plaintiff, that he would immediately cause the action aforesaid to be discontinued, and that the same should not be further prosecuted against the plaintiff, but should be discharged; that the plaintiff, confiding in the defendant's promise and undertaking, delivered him an order for matches, as above stated, which was duly accepted and paid; that the defendant did not cause the action against the plaintiff to be discontinued, but permitted or caused the same to be prosecuted to judgment; and that he procured an execution to be sued out thereon, on the 22d of December, 1847, for $266.60 debt, and $20.21 costs of suit, which sums the plaintiff had been compelled to pay and had paid.

The defendant objected to the filing and allowance of this count, on the ground, that it was for a new cause of action, and therefore inadmissible as an amendment; but the court overruled the objection, and permitted the count to be filed.

The case was tried before *Perkins*, J., in the court of common pleas.

The plaintiff, at the trial, undertook and was permitted by the judge to prove the allegations in his declaration, so far as they related to the pendency of the suit in Maine, the defendant's failure to discontinue or cause a discontinuance of the same, the agency of the defendant in causing the same to be prosecuted to final judgment, and the fact that judgment was rendered in the action, and execution issued for the sum stated in the declaration, by the oral declarations, confessions, and admissions of the defendant, connected with a certain paper writing purporting to be an execution issued on the judgment in common form, and an assignment thereon executed by the defendant.

The defendant thereupon requested the presiding judge to rule, that the plaintiff could not maintain his action on the special count:—1st. Without producing a certified copy of the judgment declared on, or accounting satisfactorily for its non-production, so as to let in secondary evidence: 2d. Because the action was substantially to recover back money paid on a judgment, by impeaching the judgment collaterally: 3d. If the jury should believe that the plaintiff paid the amount due on the execution, voluntarily, and with a full knowledge of all the facts.

The presiding judge declined to rule the first point as requested, but for the purposes of the trial, left the question to the jury, upon the evidence above stated, with the remark, that though it was not the most satisfactory, it was yet competent for them to consider; and with the instruction, that if they should be satisfied by that and the other oral evidence in the case, that the defendant had entered into the agreement declared on, and had broken the same, and that the plaintiff had performed his part, and had suffered an injury from the defendant's neglect to perform on his part, they might find a

verdict and assess damages for the plaintiff, notwithstanding the plaintiff had not produced a certified and duly authenticated copy of the judgment named in the declaration, nor accounted for its non-production.

As to the second point, the judge instructed the jury, that the plaintiff would be entitled to recover, if they should be satisfied, that there was such an agreement and a breach of it, as alleged in the special count; and to the third point, the judge gave the instruction requested. The jury found a verdict for the plaintiff, and the defendant excepted.

*F. W. Sawyer* and *C. E. Allen*, for the defendant.

1. The new count, being for a new cause of action, was inadmissible as an amendment, and should not have been allowed to be filed. *St.* 1782, *c.* 9, § 4; *St.* 1784, *c.* 28, § 14; Rev. Sts. *c.* 100, § 22; *St.* 1836, *c.* 273, § 3; *St.* 1839, *c.* 151, § 1; *Haynes* v. *Morgan*, 3 Mass. 208; *Brigham* v. *Este*, 2 Pick. 420; *Ball* v. *Claflin*, 5 Pick. 303; *Bishop* v. *Baker*, 19 Pick. 517; *Guilford* v. *Adams*, 19 Pick. 376; *Mason* v. *Waite*, 1 Pick. 452; *Holman* v. *King*, 7 Met. 384; *Merrill* v. *Gold*, 1 Cush. 457; *Slater* v. *Nason*, 15 Pick. 345.

2. The defendant's oral declarations and confessions, and the paper purporting to be an execution, were competent only to prove the defendant's agency in procuring judgment to be rendered in the former suit against the present plaintiff, and were incompetent to show that such a judgment was rendered; not being the best evidence for this purpose. *Commonwealth* v. *Kinison*, 4 Mass. 646; *Waterman* v. *Robinson*, 5 Mass. 303; *Bassett* v. *Marshall*, 9 Mass. 312; *Commonwealth* v. *Stone*, 3 Law Rep. 104; *S. C.* Thach. Cr. Ca. 604. Attested copies of the records of our domestic courts, under the seal of the court, are the best evidence of the existence and nature of the record. *Ladd* v. *Blunt*, 4 Mass. 402; *Commonwealth* v. *Phillips*, 11 Pick. 28; Rev. Sts. *c.* 94, § 57; *Sheldon* v. *Frink*, 12 Pick. 568, and cases there cited; 1 Greenl. Ev. § 86; *Mason* v. *Park*, 3 Scam. 532.

3. The judge erred in instructing the jury that this action could be maintained on the special count; for by it the plaintiff sought substantially to recover back money paid on a

judgment, by impeaching the judgment collaterally. *Morton* v. *Chandler*, 7 Greenl. 44; *Loring* v. *Mansfield*, 17 Mass. 394; *Homer* v. *Fish*, 1 Pick. 435, 439; *Granger* v. *Clark*, 9 Shep. 128; *Banister* v. *Higginson*, 3 Shep. 73; Rev. Sts. of Maine, c. 123, § 1.

*N. Richardson*, for the plaintiff.

FLETCHER, J.   In this case, the plaintiff alleged, that a suit was pending in a court in the state of Maine, in favor of the firm of Freeman, Trott, and company, of which firm the defendant was a partner, as plaintiffs, against the plaintiff as defendant.   During the pendency of that suit, an arrangement was made and entered into between the present plaintiff, Smith, and Palmer, the present defendant, by which, for a consideration paid by Smith, Palmer undertook and promised him to cause the action to be discontinued on the docket of the court in Maine, and that the same should not be further prosecuted against Smith, but should be discharged.

It was further alleged, by the plaintiff, that Palmer wholly failed to fulfil his engagement by having the action discontinued; but on the contrary, prosecuted the same, and obtained judgment and execution therein, and that Smith had been compelled to pay the amount thereof.

This suit was instituted by the plaintiff, to obtain redress for the injury he has sustained, by the failure of Palmer to perform the contract above mentioned.

The original action was in assumpsit, containing the common counts, and an account annexed for an order, matches, and money furnished to the defendant, which articles formed the consideration of the contract made by Palmer.   After the entry of the action, the plaintiff asked leave to file a special count on the contract, to enable him to recover damages for the breach of the contract, on the part of the defendant.   The defendant objected to the allowance of this special count, on the ground, that it was for a new cause of action, and therefore inadmissible as an amendment.   The presiding judge overruled the objection, and permitted the new count to be filed; and the first exception taken is to this ruling.

It is maintained, that this new count was inadmissible, be-

cause it was for a new cause of action. If it was for a new cause of action, it was undoubtedly inadmissible. Though the statute now gives to courts an unlimited power of allowing amendments, both in form and in substance, at any stage of the proceedings before judgment, yet, as was well said by the counsel for the defendant, the alteration must be an amendment, and not the institution in fact of a new suit upon a new cause of action. The inquiry is, whether this new count must properly be considered as for a new cause of action.

The question, what shall be considered a new cause of action, is one which has very frequently arisen in the course of practice, and discussions of it may be found, from time to time, in various volumes of our reports, and the rule by which the question is to be determined is very well defined and clearly settled by adjudged cases. In the case of *Ball* v. *Claflin,* 5 Pick. 303, the original counts were for goods sold and delivered by the plaintiff to the defendant, and for money had and received. The action was commenced in the court of common pleas, and after it came up to this court, the plaintiff was permitted to amend by filing two new counts, charging the defendant with having received merchandise and promissory notes from the plaintiff, as bailiff or factor, and with not having rendered an account thereof.

There was a marked difference between the two sets of counts, as they appeared upon the record, and the evidence to support them would be widely different; the first count being for goods sold and delivered, and the new counts for goods consigned for sale and for which defendant had not accounted. But the court held, that the new counts, though they stated a claim widely different from that stated in the first count, were not for a new cause of action, because the same goods and merchandise, which were the subject of the first count, were also the subject of the new counts, and that all the several counts were only different modes of stating the plaintiff's claim growing out of the same transaction.

So in the case of *Swan* v. *Nesmith,* 7 Pick. 220, the original counts were for a balance of account, for money had and

received, and on an *insimul computassent.* The plaintiffs had leave to amend, by filing new counts, making a claim against the defendants as factors, for goods delivered to them to sell, and alleging that they undertook to guarantee the sales; and the case turned wholly upon the liability of the defendants, on the alleged guaranty set out in the new counts, but which was in no way relied on or referred to in the original counts. The court decided, that the new counts were not for a new cause of action, because, although the counts differed widely as to the nature of the liability set out, and would have to be supported by widely different proofs, yet, in all the counts, new and old, the plaintiffs sought to charge the defendants for the same goods.

The doctrine clearly established by these decisions is, that new counts are not to be regarded as for a new cause of action, when the plaintiff in all the counts attempts to assert rights and enforce claims growing out of the same transaction, act, agreement, or contract; however great may be the difference in the form of liability, as contained in the new counts, from that stated in the original counts.* In such cases, all the various counts are but variations in the form of liability, which is the very purpose and object of amendments, and of making various counts.

Applying this principle and rule to the present case, and it is quite plain, that the amendment by adding the new count was properly admitted. All the counts, new and old, are designed to assert rights and enforce claims growing out of the same transaction. The plaintiff seeks, in all the counts, to obtain redress for a breach of the same contract, for a failure to perform one and the same agreement; and though the different counts state the liability in a different form, yet substantially and in legal contemplation they are all for the same cause of action; they are all founded on a failure to perform the same contract.

---

* The statutes of 1851, *c.* 233, § 43, and 1852, *c.* 312, § 33, declare, that "the cause of action shall be deemed to be the same for which the action was brought, when it shall be made to appear to the court, that in point of fact it is the cause of action relied on by the plaintiff when the action was commenced, however the same may be misdescribed."

Besides the exception in regard to the amendment, the case presents two other exceptions to the ruling of the judge. The new count set out a contract of the defendant, to discontinue the suit in Maine, and alleged as a breach, that the defendant did not discontinue, but prosecuted the suit to judgment and execution, and that the plaintiff had been compelled to pay the amount recovered. Upon the trial, the plaintiff was permitted to give in evidence, in support of the allegations in the writ of the pendency of the suit in Maine, of the failure of the defendant to discontinue it, and of the prosecution of the suit to judgment and execution, the oral declarations, confessions, and admissions of the defendant, connected with a certain paper writing, purporting to be an execution issued in said action, and an assignment thereon executed by the defendant. The defendant then requested the judge to rule, that the plaintiff could not maintain his case on the special count, without producing a certified copy of the judgment, or accounting for its non-production, so as to let in secondary evidence. But the court refused so to rule, and instructed the jury, that the foregoing evidence, though not the most satisfactory, was yet important evidence for their consideration, on the question submitted to them under the special count in the declaration. To this ruling and instruction the defendant excepted.

The doctrine maintained by the defendant's counsel, and the authorities cited, are no doubt correct, but do not apply to the case. The case of *Sheldon* v. *Frink*, 12 Pick. 569, was an attempt to prove a record by parol, by a witness on the stand. But this evidence was most properly rejected. A record cannot be proved by parol, by a witness on the stand; nor can the contents of any paper be proved, without the production of the paper, if the paper can be produced.

But this doctrine does not apply to the present case. This is a case of the admission of a party, and the admission of a party stands on distinct grounds. The admissions of a party are not open to the same objection which belongs to parol evidence from other sources. A party's own statements and admissions are, in all cases, admissible in evidence against him, though such statements and admissions may involve what

must necessarily be contained in some writing, deed, or record. Thus, the statements of a party, that certain land had been conveyed, might be admitted, though the conveyance must be by deed recorded.

The general principle, as to the production of written evidence as the best evidence, does not apply to the admissions of parties; as what a party admits against himself may reasonably be taken to be true. The weight and value of the statements and admissions will vary according to the circumstances and must be determined by the jury. The ruling of the judge in the court below on this point is well supported by the au· thorities. See the case of *Slatterie* v. *Pooley,* 6 M. & W. 664, where the distinction between the admissions of parties, and parol statements from other sources, as to written instruments, is fully explained and supported. The general doctrine is also found in 1 Greenl. Ev. §§ 96, 97, and cases there cited. In the present case, the principal fact was, that the defendant had not performed his contract, in regard to which there could be no doubt that his admission would be important evidence, and the execution reciting the judgment assigned by the defendant himself was produced, in connection with the admissions and statements of the defendant.

The defendant further requested the judge to rule, that the suit on the special count could not be maintained, because it was to recover back money paid on a judgment, by impeaching the judgment collaterally.

The judge declined so to rule, but did rule, that if the contract and breach were proved, the plaintiff was entitled to recover. Of the correctness of this ruling there can be no doubt. The action was on the contract, and if the contract was proved and the breach of it, the recovery was for the breach of the contract, and not to recover back money paid on the judgment, though that might affect the amount of damages.

*Exceptions overruled.*