# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

WILLIAM S. BEDFORD *vs.* SANFORD S. SMALL.

## July 6, 1883.

**Action to recover Money Paid—Want or Failure of Consideration.—**
An action brought to recover money paid on a contract, on the ground
of a want or failure of consideration, cannot be maintained where it ap-
pears that the consideration is of some value in law, or of a nature that
may enure to the benefit of the party paying the money.

**Sale of Improvements and Possessory Rights in U. S. Land.**—An
agreement to sell an interest in improvements and possessory rights in
a tract of government land, held by a person occupying the same, in ex-
pectation of securing title thereto, and with a prospect of a profitable
mutual investment, (no illegality in the transaction being suggested,)
*held,* under the particular circumstances, a sufficient consideration for
the purchase price.

On March 13, 1878, plaintiff and defendant entered into the fol-
lowing agreement, in writing:

"This agreement made and entered into by and between S. S.
Small, party of the first part, and W. S. Bedford, party of the second
part, witnesseth, that in consideration of the sum of $750, paid to
v.31—1

the said S. S. Small by said W. S. Bedford, the receipt of which is hereby acknowledged, it is agreed and covenanted by the said S. S. Small that he will sell and convey unto the said W. S. Bedford one equal undivided one-half of all his right, title and interest in and to a certain tract of land, estimated to contain 160 acres, situated on the west bank of the Missouri river, opposite Bismarck, in the territory of Dakota; said land now being in the possession of and held by one John A. Rea, under a squatter's title or claim, and being subject to a claim of the Northern Pacific railroad company, or the U. S. government, the same being unsurveyed land; also one undivided half of all the improvements on said tract, including one house erected thereon; a deed or conveyance of said interest to be made to said Bedford, as aforesaid, when the title to said tract is perfected in said Small or said Rea; the said Bedford to pay one-half price or expense of said land, if the same shall turn out to be railroad land or public lands and subject to a payment of $2.50 per acre. It is further agreed between the parties hereto, that when the cars of the Northern Pacific railroad company shall run west from Bismarck through said tract of land or alongside thereof, then said Bedford is to pay said Small the further sum of $750, being in full for the said one-half interest and title to said land, when said title and interest shall be perfected and conveyed to said Bedford, as aforesaid; and said last mentioned sum not to be paid unless said title and interest shall be perfected and conveyed as above mentioned.

"In testimony whereof, the said parties have hereunto set their hands and seals, at the city of Minneapolis, this 13th day of March, 1878. S. S. SMALL. [Seal.]

"W. S. BEDFORD. [Seal.]"

Neither defendant nor Rea succeeded in acquiring any title to the land mentioned in this contract, Rea's claim having been "jumped" by one Mead; and plaintiff has never received any title.

This action was brought in the district court for Hennepin county, to recover the consideration named in the contract—being the first mentioned sum of $750, which plaintiff had paid to defendant upon the making of the contract—on the ground of a failure of consider-

ation. A trial was had by the court, without a jury, *Shaw*, J., presiding, and defendant recovered judgment from which plaintiff appeals.

*Thomas Lowry* and *Wm. H. Eustis*, for appellant.

*Cross, Hicks & Carlton*, for respondent.

VANDERBURGH, J. The plaintiff seeks by this action to recover back the sum of $750, paid defendant on the contract in question, on the ground of an entire want or failure of consideration. We think the construction placed upon the contract by the trial court was correct. To aid in its interpretation, it was proper to admit evidence of the nature and situation of the subject-matter, and the circumstances under which the contract was made. In view of the existing facts and circumstances, it is plain that the consideration for the payment of this sum was the transfer to him of an equal interest in a contract and scheme which defendant had entered into with one Rea for securing the title to the land described, upon which certain improvements had been made by defendant at considerable expense, and which Rea was occupying and holding in pursuance of the previous arrangement and agreement between him and defendant. The land was situated on the line of the Northern Pacific railroad, and upon the west bank of the Missouri river, and it is evident was likely to become valuable. The nature of the case seems to have been well understood by the plaintiff, and no fraud is suggested. Nor is it claimed that there was anything unlawful in the contract with Rea as to his part in the arrangements for securing title to the land. If there had been, the court would not lend its aid to any party to the transaction.

If, as the parties undoubtedly hoped, the prior occupancy of the land by Rea should enable them to make a favorable purchase of it from the railway company in case it should fall to it, or a profitable transfer of his possessory rights and improvements, there would be a reasonable expectation of a profitable investment for the plaintiff. Of this it was for the plaintiff to judge when he entered into the arrangement. The court is not called upon to weigh the probabilities of the success of the speculation into which the parties chose to enter. There was, doubtless, a reasonable expectation of success, and

this constituted a sufficient consideration for the purchase by the plaintiff of his share or interest in the investment. There was a possibility of benefit to the plaintiff, and it is sufficient that the consideration be of some value, or of a nature that may enure to the benefit of the party. *Hubbard* v. *Coolidge*, 1 Met. 84.

We think the conclusions of the court are sustained by the evidence, and that the judgment should be affirmed.