F. A. BEMIS *vs.* COLEMAN BRIDGMAN.

February 10, 1890.

**Conveyance by Homesteader — Subsequent Contest — Recovery of Price.**—Where a party has settled upon land, and made lawful improvements thereon, as required in order to be entitled to enter and purchase the same under the laws of the United States, and, without fraud on his part, subsequent to the entry thereof, sells and conveys the same to a purchaser who knows the nature of the title, and that the same is subject to be contested by another claimant, he may recover of the purchaser the sum agreed to be paid as the consideration of such deed.

**Deed without Covenants—Risk of Title.**—The purchaser of real estate has it in his power to exact covenants in the deed as a condition of his purchase; otherwise, he must ordinarily be considered to have assumed the risk of the title, and the price is deemed to be regulated accordingly.

Action brought in the district court for Hennepin county on a note for $450, and tried in Stearns county, before *Searle*, J., who directed a verdict for plaintiff. The defendant appeals from an order refusing a new trial.

*Oscar Taylor*, for appellant.

*Wilson & Van Derlip* and *Reynolds & Stewart*, for respondent.

VANDERBURGH, J. Prior to the date of the note sued on, but at what time does not appear, the plaintiff had made a homestead entry, at the United States land-office at St. Cloud, of the land in question here, and on that day made a commutation entry of such homestead, upon proofs duly made and accepted, and procured the land-office receipt, in due form, of the payment of the full purchase price. Negotiations were pending between the parties for the purchase of the land by the defendant, and the evidence tends to show that he offered $700 therefor; that there was a large quantity of valuable pine timber on it; and that plaintiff considered it of much greater value, and refused to execute a deed with covenants for such consideration, but finally agreed to execute a quitclaim for that sum, which deed the defendant agreed to accept. Thereupon an agent of the defendant—and by his direction—accompanied plaintiff to the United

States land-office to protect his interest, advanced the money to complete the purchase, took the receipt into his possession, prepared the quitclaim deed running to defendant; which plaintiff duly executed, and thereupon received a delivery of the note in suit as part of the consideration.

The defendant has acquired a good title to the land, unless the Northern Pacific Railroad Company has a prior and superior right thereto. It is part of an odd section within the limits of lands claimed by the railroad company to make up deficiencies in its land grant. But these facts were known to the parties. The defendant appears to have been interested in other lands similarly situated, and, though entries were allowed to be made of such lands by the land-officers, it was evidently understood by all parties that the title was subject to be contested in some form, and it was uncertain what the ultimate determination of the land department or of the courts might be in respect to the validity of the claim of the railroad company to lands of that class. The evidence does not tend to show that the note was procured by fraudulent representations, or that the defendant was deceived or misled to his prejudice by plaintiff. The representation of the plaintiff that his title would be complete when he got his final certificate, if it referred to the defect complained of, is not to be deemed fraudulent, since the facts were equally known to both parties, and open to investigation by both. In such case, it will be taken rather as an expression of his judgment as to the validity of the title; and it is evident that defendant purchased on his own judgment. Upon the state of the case as presented by the record, we think, therefore, there was sufficient consideration for the note. He acquired all the rights the defendant had, and took the risk of the title. *Bedford* v. *Small*, 31 Minn. 1, (16 N. W. Rep. 452;) *Perkins* v. *Trinka*, 30 Minn. 241, 243, (15 N. W. Rep. 115.) The defendant was evidently undertaking to speculate in these lands, and he took upon himself the chance of gain, and the risk of loss. *Gouverneur* v. *Elmendorf*, 5 John. Ch. 79.

It is the general doctrine that one who consents to take a quitclaim deed cannot recover back consideration money in case of failure of title. He has it in his power to exact covenants as a condition of

v.42m.—32

his making the purchase. Otherwise, he must ordinarily be deemed to assume the risk; and the price is regulated accordingly. *Earle* v. *De Witt*, 6 Allen 520, 540, 541, and cases. "When the very thing occurs, the hazard of which he [the purchaser] has taken upon himself, and for which he has received an equivalent, [in the diminution of the price,] it would be anything but equitable to restrain the collection of the unpaid purchase-money." *Platt* v. *Gilchrist*, 3 Sandf. 118, 124. There are exceptions to the rule, but they need not.be considered here. *Earle* v. *Bickford*, 6 Allen, 549.

We have not overlooked the points made by defendant's counsel in his elaborate brief, but we are unable to discover any ground for reversal.

Order affirmed.