De Witt C. Miller *vs.* Mahlon D. Miller and others.

December 22, 1891.

**Vendor and Purchaser—Principal and Agent — Fraud.**—The plaintiff negotiated with the defendant M. for the purchase, at a price specified by the latter, ($10,000,) of certain real property in the state of Wisconsin. The plaintiff knew that the defendant was acting as an agent for the supposed owner of the property. At length the defendant proposed to unite with the plaintiff in purchasing the land in common at the same price before named. The plaintiff accepted the proposal, and it was carried into effect by a warranty deed to them from the supposed owner. In fact the defendant was entitled, by agreement with his principal, to receive for his agency all that he might sell the property for in excess of $8,000. *Held,* that the plaintiff, knowing of the agency, was chargeable with knowledge that the defendant might be entitled to some compensation therefor, either in a share of the purchase price or otherwise, and that, there being no misrepresentation or deception, the conduct of the defendant did not constitute a fraud on the plaintiff.

**Same—Defect in Title—Remedy of Purchaser.**—In general, a vendee of real property who has completed his purchase by the acceptance of a conveyance has no other remedy for a defect in title, there being no fraud, than an action on his covenants.

**Same—Conveyance of Land in Another State by Non-Resident Grantor.**—Equity will not decree a rescission of a sale and conveyance of land made in another state, the grantor residing therein, merely upon the grounds of defect in the title and the continued residence of the grantor in such other state.

**Trial by Court—Dismissal—Findings.**—In a cause tried by the court the action may be dismissed without the making of findings of fact if the case would not have justified findings and judgment in favor of the plaintiff.

Plaintiff brought this action, in the district court for Ramsey county, against Mahlon D. Miller, F. H. Lewis, John C. Ferguson, and Frank P. Blair, praying that a contract of purchase of real estate from defendant Lewis, and a deed of the property from defendant Ferguson, be, as to him, cancelled and annulled; that he recover the money paid as part of the price, and that the notes given for the rest of the

price be cancelled; and that he recover $6,000 damages. The defendants answered separately, and the action was tried by *Egan,* J., who dismissed it at the close of the evidence for plaintiff. Judgment of dismissal was entered, and the plaintiff appealed.

*Chas. C. Willson,* for appellant.

*S. C. Biggs,* for respondents Miller and Blair.

*Brooks & Hendrix,* for respondents Lewis and Ferguson.

DICKINSON, J. So far as the evidence presented in the trial of this cause tended to support the allegations of the complaint the case may be thus stated:

The defendant Lewis, having made an oral agreement for the purchase of four lots of land in Ashland, in the state of Wisconsin, from one Mrs. Whittlesey, agreed with the defendant Ferguson that the latter should unite with him in the purchase of the property. Mrs. Whittlesey subsequently executed a warranty deed of conveyance to Ferguson with the consent of Lewis. Before this conveyance was made, Lewis, acting for himself and for Ferguson, authorized the real-estate firm of Frost & Gilbert to sell the land for the net price to them (Lewis and Ferguson) of $8,000. The compensation of the agents was to be whatever sum, in excess of that, they might secure as the price on the sale of the property. The defendant Miller may be considered to have been either a partner in the firm of Frost & Gilbert, or in some way interested with them as an agent for the selling of this property. The plaintiff and one Matthewson, residents of this state, went to Ashland, and entered into negotiations with the defendant Miller for the purchase of the land. The latter stated the price for which it could be bought to be $10,000, and recommended it as a profitable purchase at that price. He had the land shown to them, and conducted the whole negotiation on the part of the vendors. Lewis knew that the defendant was offering the land to the plaintiff at an excess of $2,000 over the price for which a sale was authorized, but he took no active part in the transaction. The plaintiff and Matthewson contemplated making the purchase in common,—the former to have a three-fifths interest, and the latter the other two-fifths. At length Matthewson decided not to engage in the purchase, and the plaintiff so informed the defendant Miller. The latter then

proposed to the plaintiff that he (defendant) should take Matthewson's place in the transaction, and join the plaintiff in a purchase in common, in the same proportions as had been contemplated between plaintiff and Matthewson and at the price before specified,—$10,000. This was agreed to by the plaintiff, and without any further negotiation as to the price this agreement was carried into effect. The defendant Miller produced a contract for the sale at the price of $10,-000, signed by Lewis. The defendant Miller represented that he believed the title to be good, produced an abstract of title, and recommended a firm of practising attorneys at Ashland for an examination of it. The same attorneys being also recommended to the plaintiff by a friend of his, a stranger to this transaction, he sought their opinion concerning the title. They expressed the opinion that the title was good. The plaintiff paid to the defendant Miller on account of the purchase price the sum of $3,000, and with him executed notes and mortgages for a part of the price the payment of which was deferred. One of these notes and mortgages (for $1,000) has been assigned to the defendant Blair, without consideration, as is claimed. The defendant Lewis holds one note and mortgage for $2,000. The deed from Mrs. Whittlesey to Ferguson having been executed, a deed of conveyance, with the usual covenants, including the covenant of warranty, was executed by Ferguson to the plaintiff and the defendant Miller, which the plaintiff received and placed on record. It may be assumed, in accordance with the claim of the plaintiff, that the defendant Miller shared in the commission of $2,000 (the excess over the vendor's net price of $8,000) which the agents selling the property were entitled to receive. The plaintiff did not know of this until long after the sale. In fact, the title was not good in Mrs. Whittlesey, as the plaintiff contends and as we assume. The plaintiff offered to reconvey, claims the right to rescind, and seeks to have the notes in the hands of Lewis and Blair cancelled, and to recover the money paid on the purchase.

At the close of the plaintiff's evidence the court dismissed the action without having made any findings of fact. The plaintiff appealed from the judgment of dismissal. The case will now be considered with respect to the two grounds upon which the plaintiff rests his

right of action, viz.: *First*, fraud; and, *second*, the failure or want of title.

1. The plaintiff claims that he was defrauded in respect to the price for which the sale was made, and that the defendants conspired to perpetrate the fraud. It is not to be denied that it would have been a fraud upon the plaintiff if the defendant Miller, having united with the plaintiff in the purchase of the property for their common benefit, were to secretly avail himself of any advantage in the purchase, or secretly so conduct the transaction as to prejudice the plaintiff, as by taking to himself a commission from the vendor, directly or indirectly, or by purchasing for a price greater than was necessary. But this principle, relied upon in support of the plaintiff's cause of action, is not applicable, for the reason that the essential element of deception is wanting. The case makes it apparent beyond reasonable question that the plaintiff knew, or must be legally charged with knowledge, that in the commencement of the negotiations the defendant Miller was acting as an agent for the sale of the property. He represented the vendors only, and it was not incumbent upon him to protect the interests of the proposed purchasers. The latter could have no reason to complain that the defendant fixed the purchase price far beyond the sum which the vendors required to be paid to them, and so as to secure a large commission or bonus to the agents for effecting the sale. The price, thus named, under circumstances involving no wrong or breach of duty on the part of the defendant, and which the plaintiff must be supposed to have understood might probably include compensation to the agents for making the sale, was not changed or made the subject of further negotiation when, Matthewson having withdrawn from the contemplated purchase, it was agreed that the defendant Miller should step into his place and purchase the property with the plaintiff at the same price. There is nothing in the case to suggest the possibility that the plaintiff could have supposed that Miller's relations as agent for the sale had changed in any respect during the period of at most only a few hours between the time when he was confessedly acting solely as an agent for the sale of the property and the time when the proposal that he unite with the plaintiff in purchasing it

at the price before named was made and accepted.    Indeed, it would seem that this latter proposal immediately followed the withdrawal of Matthewson from the negotiations.    Up to that moment the plaintiff understood that Miller represented the vendors, and that he had a right, so far as the purchasers were concerned, to secure the best possible price, and that some part of the price might probably go to the agents as compensation for bringing about a sale.    Knowing this, and having no reason to suppose that the relations of the agent to the vendors or his right to compensation for making a sale had been in any respect changed, the plaintiff accepted his proposal to take Matthewson's place, and to purchase with the plaintiff *for the same price;* and, without further negotiation as to the price, and without question or objection concerning any compensation for the vendors' agents which might be embraced in that price, actually paid to the defendant Miller his share of the purchase price so fixed and agreed upon.    He must be held chargeable with notice of the fact now relied upon as constituting a fraud ; and, as he then voluntarily consented to purchase on the terms proposed, understanding that the agent would be entitled to some compensation, he cannot now. rightfully claim that he was defrauded, even though the bonus or compensation thereby secured by Miller or his associates was greater than the plaintiff may have supposed.    There was no misrepresentation or deceit, and the plaintiff could not, under the circumstances stated, reasonably presume that the agent was acting solely in the interest of the purchasers as such, or that he was not to receive and retain any compensation for bringing about the sale, either out of the purchase price or directly by payment from the vendors.    And it would make no difference in which form the compensation was to come. If the plaintiff could not complain if the defendant had received compensation directly by payment from the vendors, pursuant to a prior agreement therefor, neither can he do so when the purchase price, agreed to with notice of the relations of the parties and of the situation here presented, included the agents' compensation.

The cases relied upon by the appellant are clearly distinguishable from this in the important particular that the complaining party was not chargeable with knowledge concerning the facts alleged as con-

stituting a fraud. There was either misrepresentation and deception as to the facts, or ignorance that the party whose interests were supposed to be common with those of the plaintiff also occupied the relation of an agent of the vendor.

2. As respects the title to the property, the case presents no element of fraud or deception in the transaction. The bare fact that the deed to the plaintiff conveyed no title, if such is the fact, would not constitute a sufficient reason for equitable relief by a decree of rescission. The general rule in such cases is that the remedy of the vendee is only upon the covenants in his deed. Sugd. Vend. 251, 549, (bottom page, Perkins's Ed.;) *Bemis* v. *Bridgman,* 42 Minn. 496, (44 N. W. Rep. 793;) *Earle* v. *De Witt,* 6 Allen, 520; *Abbott* v. *Allen,* 2 John. Ch. 519, 523; *Barkhamsted* v. *Case,* 5 Conn. 528; *Higley* v. *Smith,* 1 D. Chip. 409; *Hepburn* v. *Dunlop,* 1 Wheat. 179; *Kimball* v. *West,* 15 Wall. 377. This case is not to be excepted from the operation of that rule. It does not appear that the ordinary legal remedy is not available and adequate. The fact that the plaintiff's grantor resides in the state of Wisconsin, where the contract was made, and where the whole transaction, including the execution and delivery of the deed, took place, is not a sufficient reason for the intervention of equity to decree a rescission for defect in the title. The precise legal remedy is open to the plaintiff which he must have contemplated when he accepted the conveyance with covenants from a citizen of that state.

It is unnecessary to consider whether for other reasons than those here stated equitable relief should be denied.

3. The point of practice raised—that the court should not have dismissed the action without stating its findings of fact—is not well taken, for the reason that the case presented would not have justified findings or a judgment in favor of the plaintiff in this action.

Judgment affirmed.