## JAMES O'HAIR v. S. S. SUTHERLAND.

### (152 N. W. 123)

Defendant traded a tract of land to plaintiff, giving him warranty deed with a covenant against encumbrances, excepting a mortgage for $3,500. There were of record two other mortgages,—one for $650 and one for $5,700. Plaintiff sought to rescind under subdiv. 2, § 5849, Comp. Laws, 1913.

**Sale or trade for land — contract for — representations — rescission of contract — deceit — fraud — title — remedied — damages.**

1. Evidence examined, and shows that defendant believed the representations made by him to be true and had ample reasons for so believing. That he did not attempt to deceive or defraud plaintiff. That plaintiff was not damaged in any particular, and within six weeks of learning of the defects in the title defendant remedied the same. Each case must rest upon its own facts and be governed by its own equities, and it is accordingly *held*, that defendant did not

---

Note.—The rescission of a land contract because of mistake as to the extent of the grantor's title is the subject of a note in 15 L.R.A. (N.S.) 1039, and the question whether fraud may be predicated of misstatement as to title to real property is treated in notes in 28 L.R.A. (N.S.) 202, and 39 L.R.A. (N.S.) 1142.

make positive assertions in a manner not warranted by the information in his possession at the time of making the statements, and plaintiff could not rescind the contract.

**Consideration — failure of — evidence.**

2. Further *held*, that there was no failure of consideration of the original contract.

Opinion filed March 19, 1915.

Appeal from the District Court of Stark County, *Crawford,* J. Affirmed.

*Thomas H. Pugh,* for appellant.

The statements made by defendant to plaintiff, regarding the condition of the title to the lands he was trading, are of *material facts,* and not mere matters of opinion. Robins v. Hope, 57 Cal. 495; Zunker v. Kuehn, 113 Wis. 421, 88 N. W. 606.

The seller of property is bound to know that the representations he makes to induce the sale are true. Allen v. Hammond, 11 Pet. 63, 9 L. ed. 633; 2 Pom. Eq. Jur. § 887.

It is immaterial whether the vendor had knowledge or not of the falsity of the representations. Brown v. Linn, 50 Colo. 443, 115 Pac. 908; Fischer v. Hillman, 68 Wash. 222, 39 L.R.A.(N.S.) 1140, 122 Pac. 1016; 14 Am. & Eng. Enc. Law, 2d ed. pp. 120, 121; Fargo Gas & Coke Co. v. Fargo Gas & Electric Co. 4 N. D. 219, 37 L.R.A. 593, 59 N. W. 1066; Dowagiac Mfg. Co. v. Mahon, 13 N. D. 517, 101 N. W. 903; Chilson v. Houston, 9 N. D. 498, 84 N. W. 354; Liland v. Tweto, 19 N. D. 551, 125 N. W. 1032; Field v. Morse, 54 Neb. 789, 75 N. W. 58; Benjamin, Contr. 2d ed. 196 and cases cited; Kathan v. Comstock, 28 L.R.A.(N.S.) 201 and note gathering authorities, 140 Wis. 427, 122 N. W. 1044; Flaherty v. Till, 119 Minn. 191, 137 N. W. 815; Maupin, Marketable Title, § 338; Severson v. Kock, 159 Iowa, 343, 140 N. W. 220; Riley v. Bell, 120 Iowa, 618, 95 N. W. 170; McGibbons v. Wilder, 78 Iowa, 531, 43 N. W. 520; Mohler v. Carder, 73 Iowa, 582, 35 N. W. 647; Hunter v. French League Safety Cure Co. 96 Iowa, 573, 65 N. W. 828; Maine v. Midland Invest. Co. 132 Iowa, 272, 109 N. W. 801; McFadden v. Alexander, 154 Iowa, 716, 135 N. W. 398; New York Brokerage Co. v. Wharton, 143 Iowa, 65, 119 N. W. 969; Wilcox v. Iowa Wesleyan

University, 32 Iowa, 367; Moyle v. Silbaugh, 105 Iowa, 531, 75 N. W. 362; Strothers v. Leigh, 151 Iowa, 214, 130 N. W. 1019; Piche v. Robbins, 24 R. I. 325, 53 Atl. 92.

The mere fact that a warranty deed was given, does not affect the right to rescind. Diggs v. Kirby, 40 Ark. 420; Crutchfield v. Danilly, 14 Ga. 432; Napier v. Elam, 6 Yerg. 108; Kathan v. Comstock, 28 L.R.A.(N.S.) 211, note.

Even though fraud is pleaded, if mutual mistake of fact is shown, relief may be granted. Hood v. Smith, 79 Iowa, 621, 44 N. W. 903; Moehlenpah v. Mayhew, 138 Wis. 561, 119 N. W. 826; Hartwig v. Clark, 138 Cal. 668, 72 Pac. 149; Lewis v. Mote, 140 Iowa, 698, 119 N. W. 152; Houston v. Northern P. R. Co. 109 Minn. 273, 123 N. W. 925, 18 Ann. Cas. 325; Strothers v. Leigh, 151 Iowa, 214, 130 N. W. 1021; Weise v. Grove, 123 Iowa, 589, 99 N. W. 191; Smith v. Bricker, 86 Iowa, 285, 53 N. W. 250; Clapp v. Greenlee, 100 Iowa, 595, 69 N. W. 1049; Campbell v. Spears, 120 Iowa, 673, 94 N. W. 1126; 39 Cyc. 1252.

In such case the requisite mutuality of assent is wanting; there is no meeting of minds,—no contract. What has been thus done is regarded as though not done. Utley v. Donaldson, 94 U. S. 29, 24 L. ed. 54; Scott v. United States, 12 Wall. 443, 20 L. ed. 438; Allen v. Hammond, 11 Pet. 63, 71, 9 L. ed. 633, 636; 8 Enc. U. S. Sup. Ct. Rep. 422; Waldem v. Skinner, 101 U. S. 577, 25 L. ed. 963.

Each of the properties exchanged being consideration for the other, where the title to either fails, or fails to meet the representations made, there is a failure of consideration. Plaintiff was not exchanging valuable property for property burdened as was this property. Such was *not* the contract. Hartwig v. Clark, 138 Cal. 668, 72 Pac. 149; 17 Cyc. 839, 840; Hunt v. Sackett, 31 Mich. 18; Johnson v. Ryan, 62 Wash. 60, 112 Pac. 1116.

Plaintiff was not guilty of laches. But if so, laches being an independent defense in the nature of estoppel, must be pleaded, or it cannot be raised. German Nat. Bank v. First Nat. Bank, 55 Neb. 86, 75 N. W. 531; Costello v. Muheim, 9 Ariz. 422, 84 Pac. 406; Hill v. Barner, 8 Cal. App. 58, 96 Pac. 111; Smith v. Russell, 20 Colo. App. 554, 80 Pac. 474; Keller v. Harrison, 151 Iowa, 320, 128 N. W. 851, 131 N. W. 53, Ann. Cas. 1913A, 300; Treadwell v. Clark, 190 N.

Y. 51, 82 N. E. 505; Zebley v. Farmers' Loan & T. Co. 139 N. Y. 468, 34 N. E. 1067; Gay v. Havermale, 27 Wash. 390, 67 Pac. 804.

In considering the question of laches, the conditions and circumstances surrounding the parties and the transaction must be taken into account. Marston v. Simpson, 54 Cal. 189, 13 Mor. Min. Rep. 36; Strothers v. Leigh, 151 Iowa, 214, 130 N. W. 1019; Sanborn v. Eads, 38 Minn. 211, 36 N. W. 338; Goss v. Herman, 20 N. D. 306, 127 N. W. 78; Walker v. Schultz, 175 Mich. 280, 141 N. W. 543; Parker v. Bethel Hotel Co. 96 Tenn. 252, 31 L.R.A. 706, 34 S. W. 209.

This is an equity action, and the court had full jurisdiction. The remedy at law, if any, could only afford *partial* relief. 16 Cyc. 41, et seq. 129; 5 Enc. U. S. Sup. Ct. Rep. 826; Reynes v. Dumont, 130 U. S. 354, 32 L. ed. 934, 9 Sup. Ct. Rep. 486; Tyler v. Magwire, 17 Wall. 253, 21 L. ed. 576; Brown, B. & Co. v. Lake Superior Iron Co. 134 U. S. 530, 33 L. ed. 1021, 10 Sup. Ct. Rep. 604.

*C. H. Starke* and *W. F. Burnett,* for respondent.

Where a person makes a statement of fact in the honest belief that it is true, and such belief is based upon reasonable grounds which actually exist, it is not fraudulent either in law or in equity. 2 Pom. Eq. Jur. 888.

An executed contract where the purchaser is protected by warranty will not be rescinded. N. D. Rev. Codes 1905, § 5435, Comp. Laws 1913, § 5994; Simonson v. Jenson, 14 N. D. 417, 104 N. W. 513; Decker v. Schultze, 11 Wash. 47, 27 L.R.A. 336, 48 Am. St. Rep. 858, 39 Pac. 261; Leal v. Terbush, 52 Mich. 100, 17 N. W. 713; Miller v. Miller, 47 Minn. 546, 50 N. W. 612; Fellows v. Evans, 33 Or. 30, 53 Pac. 491; Thompson v. Jackson, 3 Rand. (Va.) 504, 15 Am. Dec. 723; Atlantic Delaine Co. v. James, 94 U. S. 207, 24 L. ed. 112; Baird v. New York, 96 N. Y. 567; Roseboom v. Corbitt, 116 C. C. A. 301, 196 Fed. 627; Wilde v. Gibson, 1 H. L. Cas. 605, 12 Jur. 527.

Fraud, without proof of damage resulting therefrom, is no ground for an action either in deceit or by way of rescission. Nelson v. Grondahl, 12 N. D. 133, 96 N. W. 299; Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026; Johnson v. Seymour, 79 Mich. 156, 44 N. W. 344; 2 Pom. Eq. Jur. § 898.

An allegation of fraud is not sustained by proof of mistake. Mercier

v. Lewis, 39 Cal. 532; Connell v. El Paso Gold Min. & Mill. Co. 33 Colo. 30, 78 Pac. 677; Dashiell v. Grosvenor, 27 L.R.A. 67, 13 C. C. A. 593, 25 U. S. App. 227, 66 Fed. 334; Tillinghast v. Champlin, 4 R. I. 173, 67 Am. Dec. 510; Spies v. Chicago & E. I. R. Co. (C. C. S. D. N. Y.) 6 L.R.A. 565, 40 Fed. 34.

Where a contract is executed and a warranty taken, the only remedy of the vendee for mistake, whether mutual or otherwise, is upon the warrantee for damages. Simonson v. Jenson, 14 N. D. 417, 104 N. W. 513; Leal v. Terbush, 52 Mich. 100, 17 N. W. 713; Reuter v. Lawe, 86 Wis. 106, 56 N. W. 472; Miller v. Miller, 47 Minn. 546, 50 N. W. 612; Fellows v. Evans, 33 Or. 30, 53 Pac. 491; Thompson v. Jackson, 3 Rand. (Va.) 504, 15 Am. Dec. 723; Newman v. Kay, 57 W. Va. 98, 68 L.R.A. 917, 49 S. E. 926, 4 Ann. Cas. 39; Decker v. Schulze, 11 Wash. 47, 27 L.R.A. 335, 48 Am. St. Rep. 858, 39 Pac. 261; note to Burton v. Haden, 15 L.R.A.(N.S.) 1042; Bingham v. Bingham, 1 Ves. Sr. 126; Lawrence v. Beaubien, 2 Bail. L. 623, 23 Am. Dec. 155; Jordan v. Stevens, 51 Me. 78, 81 Am. Dec. 556; Houston v. Northern P. R. Co. 109 Minn. 273, 123 N. W. 922, 18 Ann. Cas. 325.

Where a party has an election of remedies, he has but one election. Bigelow, Fraud, 436; 6 Pom. Eq. Jur. 687.

Plaintiff's admissions that he intended to rely upon his deed and upon Sutherland for damages are proof of his election, and his delay and silence for so long a time show ratification. Schiffer v. Dietz, 83 N. Y. 300; Bailey v. Cox, 102 Cal. 333, 36 Pac. 650; Re California Mut. L. Ins. Co. 81 Cal. 364, 22 Pac. 869; Condon v. Hughes, 92 Mich. 367, 52 N. W. 638; Foster v. Rowley, 110 Mich. 63, 67 N. W. 1077; Ward v. Packard, 18 Cal. 391; Watson v. Atwood, 25 Conn. 313; Fitzhugh v. Davis, 46 Ark. 346; Maimlock v. Fairbanks, 46 Wis. 415, 32 Am. Rep. 716, 1 N. W. 167.

Relief will not be granted in equity on the ground of mistake, where defendant's liability or other trouble is the result of his own want of proper diligence. Fritz v. Fritz, 94 Minn. 264, 102 N. W. 705; Marshall v. Homier, 13 Okla. 264, 74 Pac. 368; note to Dolvin v. American Harrow Co. 28 L.R.A.(N.S.) 882.

There was a plain, speedy, full remedy at law. Pleading facts which show this is sufficient. 1 Pom. Eq. Jur. 129; Union Power Co. v.

Lichty, 42 Or. 563, 71 Pac. 1044; Love v. Morrill, 19 Or. 545, 24 Pac. 916.

BURKE, J. This is a trial *de novo*. On August 16, 1911, defendant was the owner of a quarter section of land in Stark county, and upon that date traded the same to plaintiff, giving a warranty deed with an expressed consideration of $2,900, free of all encumbrances excepting a mortgage for $3,500 to the Winona Savings Bank, which plaintiff assumed. The land was traded to plaintiff for a house and the furniture therein contained, situated in the city of Dickinson, plaintiff paying $200 in addition. Plaintiff now attempts to rescind the contract upon the grounds that there were of record against said land two other mortgages; to wit, one for $650 and one for $5,700.

We do not understand that there is much dispute between the parties as to the law applicable. Section 5933, Comp. Laws 1913, provides that "a contract is extinguished by its rescission." And § 5934: "A party to a contract may rescind the same in the following cases only: 1. If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake or obtained through duress, menace, fraud or undue influence exercised by [the plaintiff] or with the connivance of the party as to whom he rescinds or of any other party to the contract jointly interested with such party. 2. If through the fault of the party as to whom he rescinds the consideration for his obligation fails in whole or in part." (3, 4, and 5 not in point.) Section 5849, Comp. Laws 1913, reads: "Actual fraud within the meaning of this chapter, consists in any of the following acts committed by a party to the contract, or with his connivance with intent to deceive another party thereto or to induce him to enter into the contract. 1. . . . 2. The positive assertion in a manner not warranted by the information of the person making it of that which is not true, though he believes it to be true." 1, 3, 4, and 5 not in point). Plaintiff justifies his rescission upon the grounds of fraud and failure of consideration.

(1) In his brief appellant says: "We admit there is no evidence on which to base an accusation against the defendant of moral turpitude in the transaction, although the defendant was anxious to make the deal, and the landmarks of the case point to actual fraud; but we do

assert that there is sufficient evidence to support a finding that the statements of the defendant regarding the title to his property amount to such fraudulent representations as will support a rescission of the transaction in equity." The first and principal controversy, therefore, is whether defendant made positive assertions regarding his title in a manner not warranted by the information in his possession at that time. This necessitates the recital of certain incidents leading up to the sale, and we will quote from the testimony briefly as possible. Plaintiff testifies: "I knew that Sutherland was financially responsible, and that any warranty that he might make he could be compelled to make good. I relied on that, and that is why I did not examine the records." Defendant bought the farm from one Vaughn, who was also responsible, and who had assured defendant that the place was free from all encumbrances excepting the $3,500 mortgage. It is conceded, we believe, that neither Vaughn nor Sutherland had the slightest suspicion of the extra mortgages of record. Vaughn, in his turn, had bought the place from one John Drenkenshuh and he from one Schwindt. Schwindt had executed the mortgage to the savings bank for $3,500 and the $650 to Rising, president of said bank, partly as a commission and partly for other debts paid by Mr. Rising at that time in clearing up the title. The $5,700 mortgage was very largely a duplication of the savings bank mortgage, the facts being that Schwindt had sold the land for $3,500, some personal property for $2,500, making $6,000. Drenkenshuh had paid, however, $300 cash, leaving $5,700 due to Schwindt. Instead of having Drenkenshuh assume the $3,500 mortgage and give a second mortgage for the balance, Schmidt took a mortgage from Drenkenshuh for the entire amount, but had later paid for most of the extra amount. However, this entire transaction was unknown to Sutherland.

Defendant testifies:

"I got this land from Mr. Vaughn. His deed to me mentioned the $3,500 mortgage, the same as I had mentioned it to Mr. O'Hair, and no other. I had known Vaughn for twenty years, and had confidence in his assertion and warranty that there was no encumbrance against the land except the $3,500 mortgage. The deeds from Mr. O'Hair to me and from me to Mr. O'Hair were drawn up in Mr. Hevener's office. While Mr. Hevener was drawing up the papers, we

talked over the deal, and I told him there was $3,500 against it, and if he wished he could look it up on the records any time. I told him I had never looked up the title, just took Vaughn's deed for it. . . . I believed at all times that there was but $3,500 against the land. I did not know it; just took Vaughn's word for it."

This portion of defendant's testimony is practically admitted by plaintiff, who testifies as follows:

Q. Did not Sutherland tell you at that time that he was deeding the land over to you just as he got it from Mr. Vaughn?

A. I believe he did.

Plaintiff, however, claims that there was a conversation had at the farm before this, in which plaintiff told him that the land was "clean as a whistle" excepting for the $3,500. Defendant's version is further corroborated by Hevener, the attorney who drew up the papers and heard all the conversations that occurred at that time. He says: "He (defendant) said that he had purchased this land of Jerome Vaughn and had received an abstract from him; had taken the land subject to a mortgage of $3,500 and was deeding it to Mr. O'Hair under the same conditions that he received it." That defendant was surprised to learn of the condition of the title is testified to by the plaintiff himself. It is undisputed that defendant practically cleared the title of such defects within six weeks after the matter was brought to his attention, and, as a matter of fact, most of the $5,700 mortgage arose from the peculiar manner in which the deeds and mortgages had been drawn up.

Appellant has cited us to the case of Joines v. Combs, 38 Okla. 380, 132 Pac. 1115, which is a construction of a statute identical with ours. An examination of this case shows that the defendant therein sold Indian allotment lands to the plaintiff and represented to him that the title was good, but the court says: "The lands involved consist of 920 acres, for the most part, of inherited Indian allotments, reliance for title in which is placed upon deeds executed by the parties purporting to be the heirs of the descendants [decedents] and generally without probate proceedings to establish the verity thereof. In addition thereto there is 100 acres, title to which was secured direct from the original allottee, W. M. James, who is enrolled as a full blood Choctaw and

whose deed to the land was executed subsequent to the date of April 26, 1906, and at a time when his restrictions were unremoved by congressional action. . . . The validity of his title to the greater portion of the 900 acres of land was, at that time, and still is, in dispute. Suits were pending, both in the trial and appellate courts, to determine the question also the right of the original patentees or allottees, as well as of certain heirs of such patentees and allottees, to convey title to said real estate; and this court entertains serious doubt as to the validity of the defendant's title to a large portion of said real estate at the time the contract to convey the same was made, as well as at the time of the trial of this action." The Oklahoma court allowed a rescission. We would have held likewise under the facts in their case, but the misrepresentations there were of a very serious nature, and the defendant had knowledge in that case of facts which should have put him on inquiry, and were much stronger than in the case at bar. He knew that he was dealing in Indian Allotment lands, and that his title came from purported heirs whose identity was being disputed in the courts. In the case at bar the fee title was good, the defect being encumbrances largely arising from careless conveying. The defect could be and was speedily remedied. Each case must rest on its own facts and be governed by its own equities. We, like the trial court, conclude that considering all of the circumstances of the case, defendant was not guilty of making false statements not justified by the information which he possessed.

(2) Appellant further contends that the consideration has failed, and that he, therefore, was justified in rescinding. The evidence already given, however, does not substantiate this claim. Plaintiff was not evicted from his premises nor bothered in any manner. As soon as defendant learned of the defects he proceeded to remedy them, and plaintiff is now in possession of the full fruits of his bargain. In this respect the case differs from those cited by appellant wherein the title fails leaving the purchaser bootless. See:

Decker v. Schulze, 11 Wash. 47, 27 L.R.A. 335, 48 Am. St. Rep. 858, 39 Pac. 261; Miller v. Miller, 47 Minn. 546, 50 N. W. 612; Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026; Nelson v. Grondahl, 12 N. D. 130 (at top page 133), 96 N. W. 299; note in 15 L.R.A. (N.S.) 1042.

Respondent calls our attention to the distinction between the remedy in cases of executed and unexecuted contracts, and maintains that plaintiff must recover, if at all, upon the covenants of warranty contained in the deed, citing § 5994 Comp. Laws 1913 (but see Maupin, Marketable Title, 2d ed. 338), and raises also the question of laches upon the part of the plaintiff in not rescinding until some four months after learning of the defects, but in view of the above holding a discussion of these questions is not necessary. The order of the trial court is affirmed.